STATE OF MAINE
Cumberland, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-10-506

BANK OF AMERICA, N.A.,
successor by merger to BAC
HOME LOANS SERVICING, LP,

        Plaintiff

v.

GARY R. COLLINS,

        Defendant

ORDER ON MOTION FOR
SUMMARY JUDGMENT

STATE OF MAINE
Cumberland, ss, Clerk's Office

JAN 10 2012

RECEIVED

The plaintiff moves for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S.A. § 6321, et seq. The defendant filed no response. Regardless of whether the defendant has filed a response, however, this motion is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court has an independent obligation to ensure compliance with this rule. M.R. Civ. P. 56(j) advisory committee's note to 2009 amend. The court must also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. Chase Home Finance LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508.

---

[1] M.R. Civ. P. 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

1

Having reviewed the file, the court concludes that the following requirements for a summary judgment of foreclosure have or have not been met:

| | Compliant | Non-compliant or unclear |
|---|---|---|
| **Service:** Proof of service on all defendants and parties in interest. | X | |
| **Jurisdiction:** Case brought in the court division where the property (or any part of it) is located. See § 6321. | X | |
| **Mortgage:** | | |
| Proof of existence of the mortgage, book and page number, and adequate description of property (including street address if any on first page of complaint). | X | |
| Properly presented proof of ownership of the mortgage, including any assignments or endorsements. | | X |
| **Note:** Properly presented proof of ownership of the mortgage note, including all assignments and endorsements. | | X |
| **Breach:** A breach of condition in the mortgage. | | X |
| **Amount Due:** The amount due on the mortgage note, including any reasonable attorney fees and court costs. | | X |
| **Priority:** The order of priority and amounts due to other parties in interest, including any public utility easements. | X | |
| **Notice:** Evidence that all steps mandated by 14 M.R.S. § 6111 to provide notice to mortgagor were strictly performed (including that contents of the notice comply with § 6321-A).[2] | X | |
| **M.R. Civ. P. 56:** All facts relied upon in support of summary judgment are properly set forth in | | X |

---

[2] Although the plaintiff does not specifically indicate that the notice was sent via first class mail, the statement of material facts does indicate that the plaintiff's attorney mailed the notice and obtained a postal certificate of mailing on August 12, 2010. (Pl.'s S.M.F. ¶ 17.) Because a certificate of mailing is conclusive proof of receipt via first class mail, see 14 M.R.S. § 6111(3)(B), the plaintiff has sufficiently alleged that the notice was sent in compliance with the procedural requirements of § 6111.

2

| | Compliant | Non-compliant or unclear |
|---|:---:|:---:|
| Rule 56(h) statements and properly supported in the record. | | |
| **Mediation:** If required by M.R. Civ. P. 93 (for cases filed after Dec. 31, 2009) or court order, proof mediation has been completed or validly waived (by action or by default). | X | |
| For cases filed after Dec. 31, 2009, in accordance with M.R. Civ. P. 93(c)(4), proof that plaintiff served defendant(s) financial forms used to consider alternatives to foreclosure at the time of the complaint. | X | |
| **SCRA:** If defendant has not appeared in the action, a statement, with supporting affidavit, of whether the defendant is in military service as required by the Servicemember's Civil Relief Act, 50 U.S.C. app. § 521. | X | |

## Breach and Amount Due

The plaintiff has not established the necessary foundation to show a breach of the mortgage and the amount due. Jacqueline Spears Manning has established a foundation to testify about the business records of Bank of America, N.A., which merged with BAC Home Loans Servicing, LP effective 7/1/11. She has not established the necessary foundation to testify about the records of the other entities involved in this case. Beneficial Me. Inc. v. Carter, 2011 ME 77, ¶ 13, 25 A.3d 96.

## Mortgage

The plaintiff has not submitted proper proof of ownership of the mortgage. The plaintiff alleges that Mortgage Electronic Registration Systems, Inc. (MERS) assigned the mortgage to BAC Home Loans Servicing, LP. (Pl.'s S.M.F. ¶ 6.) Based on a review of the loan documents, at the time of the alleged

3

assignment of the mortgage, MERS acted solely as nominee for Homeowners Assistance Corporation (HAC). As such, MERS was never a mortgagee in this case because it was never entitled to enforce the debt obligation held by HAC. Mortgage Elec. Registration Sys., Inc. v. Saunders, 2010 ME 79, ¶ 11, 2 A.3d 289. MERS had the right to record the mortgage document. Id. ¶¶ 10-11. If the assignment from MERS to BAC Home Loans Servicing had any effect, it was to give BAC the right only to record the mortgage document as HAC's nominee. Accordingly, the plaintiff has failed to demonstrate that BAC was the owner of the mortgage when it merged with Bank of America, N.A.

Note

The plaintiff must include properly presented proof of ownership of the mortgage and note, including all assignments and endorsements of the note and the mortgage. Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508. The plaintiff has not submitted proper proof of ownership of the note. The plaintiff states "Bank of America, National Association, as successor by merger to BAC Home Loans Servicing, LP, is the holder of the Note . . . which has been endorsed in blank." (Pl.'s S.M.F. ¶ 4.) Based on a review of the loan documents, the note was initially executed in favor of HAC and endorsed to Countrywide Document Custody Services. An unmarked, unidentified fourth page of plaintiff's Exhibit A indicates that Countrywide Document Custody Services subsequently endorsed the note to Countrywide Home Loans, Inc., which endorsed the note in blank. Although a note endorsed in blank is payable to the bearer of the note, see

4

11 M.R.S.A.§ 3-1205(2) (2011), the plaintiff does not discuss in its statement of material facts these numerous changes in ownership.[3]

The entry is

The Plaintiff's Motion for Summary Judgment is DENIED.

Dated: January 10, 2012

Nancy Mills
Justice, Superior Court

---

[3] Neither Jacqueline Spears Manning nor Attorney David Jones has established sufficient foundation to do so. Beneficial Me., 2011 ME 77, ¶ 12, 25 A.3d 96 (citing M.R. Evid. 803(6); HSBC Mortgage Serv. v. Murphy, 2011 ME 59, ¶ 10, 19 A.3d 815) ("Pursuant to the Maine Rules of Evidence, a business's record of acts or events is admissible as an exception to the hearsay rule if the necessary foundation is established 'by the testimony of the custodian or other qualified witness.'").

5

BAC HOME LDOANS SERVICING LP                                        PL

ATTY JONES, DAVID J.    Tel# (207) 985-4676

ATTY ADDR: 11 MAIN STREET SUITE 4 KENNEBUNK ME 04043

GARY  R. COLLINS                                                   DEF

MAIL ADDR: 35 FOREST PARK APT.2 PORTLAND ME 04101

BAC HOME LDOANS SERVICING LP                                        PL

ATTY JONES, DAVID J.    Tel# (207) 985-4676

ATTY ADDR: 11 MAIN STREET SUITE 4 KENNEBUNK ME 04043

GARY  R. COLLINS                                                   DEF

MAIL ADDR: 35 FOREST PARK APT.2 PORTLAND ME 04101