STATE OF MAINE
CUMBERLAND, ss.

PEOPLE'S UNITED BANK,

Plaintiff

v.

ROGER S. SMITH,

Defendant

and

MIDLAND FUNDING, LLC,

Party-in-Interest

SUPERIOR COURT
Docket No. RE-12-0363
TDW-CUM- 9/18/2013

**ORDER ON MOTION
FOR SUMMARY JUDGMENT**

Before the court is a motion by plaintiff People's United Bank for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. No opposition to the motion has been filed.

The plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j). [1] The court is independently required to determine if those requirements have been met and is also required to determine whether the mortgage holder has set forth in its Statement of Material Facts the acts necessary for summary

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:

No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

judgment in a residential mortgage foreclosure. *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

After reviewing the file, the court concludes that the requirements for a summary judgment of foreclosure have not been met for the several technical and several substantive reasons. The two technical failures are the following:

First, the plaintiff fails to correctly identify the defendant in its Statement of Material Facts. M.R. Civ. P. 7(b)(2), 56; (Pl.'s S.M.F.). The caption incorrectly lists the defendant as "Scott D. Bridgham," and the correct name does not appear elsewhere in the Statement. (Pl.'s S.M.F. 1.)

Second, although Esther Ehmann's affidavit includes evidence that People's United Bank is the successor by merger to Merrill Merchants Bank, that evidence is not referenced in the Statement of Material Facts.

More importantly, even if these two technical failures were remedied, there are several substantive deficiencies in plaintiff's motion.

The first of these is that plaintiff fails to adequately support its description of the mortgaged premises. 14 M.R.S. § 6321; *Chase Home Fin.* 2009 ME 136, ¶ 11, 985 A.2d 508. Plaintiff cites Esther Ehmann's Affidavit ("Ehmann Affidavit") in its Statement of Material Facts, which asserts that plaintiff and defendant "intended for said Mortgage to encumber real estate located at 667 Gray Road" in Gorham, Maine despite the mortgage listing the address as 661 Gray Road. (Pl.'s S.M.F. ¶ 4; Ehmann Aff. ¶ 5.) Both the Statement of Material Facts and the Ehmann Affidavit state that the failure to include the correct address in the mortgage "was a mutual mistake" of plaintiff and defendant. (Pl.'s S.M.F. ¶ 5; Ehmann Aff. ¶ 6.)

The Ehmann Affidavit states that records maintained by the plaintiff reflect this mutual mistake, but these business records are not included in the summary judgment

2

record. (Ehmann Aff. ¶ 6.).[2] While the mortgage does include a detailed description of the property, there is no evidence that 667 Gray Road and the description refer to the same property. (Ehmann Aff. Ex. C.). On this record the court cannot find that it undisputed that a mortgage that on its face applies to "661 Gray Road" actually encumbers 667 Gray Road.

The second substantive failure is that plaintiff has not provided adequate evidence of the amount due on the note. 14 M.R.S. § 6321; *Chase Home Fin.* 2009 ME 136, ¶ 11, 985 A.2d 508. The Statement of Material Facts cites to paragraph three of the Ehmann Affidavit, which states that the note's original principal amount was $50,000. (Ehmann Aff. ¶ 3.) The note attached to the Ehmann Affidavit, however, does not set forth any principal amount. (Ehmann Aff. Ex. B.) The note refers to a Schedule of Terms that includes "all of the terms of [the] Home Equity account," including the Maximum Principal Sum defendant could borrow, but this schedule is neither attached to the note nor included in the summary judgment record. *Id.* The court has no basis on which it can accept Ehmann's hearsay assertion that the amount owed in the note is the full $50,000 that defendant could have drawn down on his home equity line of credit. (Pl.'s S.M.F. ¶ 3.)

Exhibit E of the Ehmann Affidavit and paragraph twelve of that affidavit refers to an attached "Figures for Affidavit." (Pl.'s S.M.F. ¶ 13; Ehmann Aff. Ex. E; Ehmann Aff. ¶ 12.) The Figures for Affidavit document does not remedy the plaintiff's failure to establish the amount due on the note because it appears to be created in anticipation of

---

[2] If those records had been attached and they originated with Merrill Merchants Bank, plaintiff would also have to provide a sufficient foundation for the court to conclude that Merrill Merchants Bank business records have been integrated into the Peoples United Bank records. *See Beneficial Maine Inc. v. Carter*, 2011 ME 77 ¶¶ 13-14, 25 A.3d 96.

3

litigation, and therefore does not appear to meet the foundational requirements of M.R. Evid. 803(6). *See HSBC Mortgage Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 17, 19 A.3d 815.[3]

The entry shall be:

Plaintiff's motion for summary judgment is denied. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: Sept. 17, 2013

Thomas D. Warren
Justice, Superior Court

---

[3] The court also has several concerns regarding the draft judgment submitted by plaintiff. The draft judgment does not contain findings that all parties have received notice. Also, the draft judgment omits the name and address of Party-in-Interest Midland Funding, LLC. (Pl.'s Draft J. 3.) As Midland Funding has not appeared, the plaintiff should seek an entry of default against Midland Funding or have Midland Funding's default entered at trial. M.R. Civ. P. 55.

4

--------------------------------------------------------------------------

| 01 | 0000004637 | BROOKS, CHRISTOPHER LANE | | | |
|---|---|---|---|---|---|
| | ONE MONUMENT SQUARE PORTLAND ME 04101 | | | | |
| F | PEOPLES UNITED BANK | | PL | RTND | 10/04/2012 |

| 02 | 0000005104 | LEVER, PATRICK C | | | |
|---|---|---|---|---|---|
| | ONE MONUMENT SQUARE PORTLAND ME 04101 | | | | |
| F | PEOPLES UNITED BANK | | PL | RTND | 12/17/2012 |