2011 ME 77

**BENEFICIAL MAINE INC.**

**v.**

**Timothy G. CARTER et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 27, 2011.

Decided: July 7, 2011.

S. James Levis, Jr., Esq., Levis & Ingraham, PA, Saco, ME, for Timothy G. and Kathleen A. Carter.

William B. Jordan, Esq., Shapiro & Morley, LLC, South Portland, ME, for Beneficial Maine, Inc.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] Timothy G. and Kathleen A. Carter appeal from a summary judgment entered in the District Court (Biddeford, *Foster, J.*) in favor of Beneficial Maine Inc. on its foreclosure complaint. The Carters challenge the foundation presented by

Beneficial to support the admissibility of its mortgage records pursuant to the business records exception to the hearsay rule. *See* M.R. Evid. 803(6). Beneficial relied on the affidavit of an employee of a separate business to support its motion for summary judgment. Because that affidavit was inadequate to establish the admissibility of the purported business records, we vacate the summary judgment and remand the matter for further proceedings.

## I. BACKGROUND

[¶ 2] On November 4, 2009, Beneficial filed a complaint for foreclosure against the Carters in the District Court. *See* 14 M.R.S. § 6321 (2010). Beneficial alleged that the Carters had defaulted in payment on their promissory note to Beneficial, which was secured by a mortgage on certain real property in Kennebunk owned by the Carters.[1]

[¶ 3] After the parties were unable to resolve the case through mediation,[2] Beneficial moved for summary judgment and submitted a statement of material facts. *See* M.R. Civ. P. 56(h)(1). In support of its statement of material facts, Beneficial referred to two affidavits—one from Beneficial's attorney, which clarified the priority of the Carters' creditors, and one from Shana Richmond, Vice President of Administrative Services for HSBC Consumer Lending Mortgage Servicing, described in the affidavit as Beneficial's "servicer." Beneficial cited to Richmond's affidavit, with its attached exhibits, as the sole evidentiary support for its allegations of its ownership of the note and mortgage, the Carters' obligation on the note, the Carters' default, and the amount that the Carters owed. Richmond's affidavit states the

---

1. Beneficial asserted that the unpaid principal, interest, charges, and fees amounted to a total obligation of $378,803.43.

2. Pursuant to M.R. Civ. P. 93, the parties participated in the Judicial Branch Foreclosure Diversion Program.

following as the foundation for her factual assertions:

> The Bank [Beneficial] is the holder of the note and mortgage.... I have access to the records relating to the mortgage transactions with respect to said note and mortgage. My knowledge as to the facts set forth in this affidavit is derived from my personal knowledge of this account and of the records of this account, which are kept in the ordinary course of business by the Bank and which were made at or near the time of the transactions by, or from information transmitted by, a person with knowledge of the facts set forth in said records. These records are kept in the ordinary course of business, pursuant to the company's regular practice of making such records. The exhibits attached hereto are true copies of the original documents.

[¶ 4] The Carters objected to the admissibility of the Richmond affidavit and the attached exhibits on the grounds that they constituted hearsay and that Beneficial had not established a foundation for application of the business records exception. The court entered summary judgment in the bank's favor on its foreclosure complaint. The Carters appealed. *See* 14 M.R.S. § 1901(1) (2010); M.R.App. P. 2.

## II. DISCUSSION

[¶ 5] We recently addressed the foundational elements that must be established for a court to consider a business record on summary judgment in a foreclosure proceeding. *See HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, 19 A.3d 815. Here, we consider whether those foundational elements were properly presented on summary judgment by an employee of the mortgage holder's "servicer."

### A. Summary Judgment in Foreclosure Proceedings

[¶ 6] We review a court's entry of summary judgment de novo, viewing the facts in the light most favorable to the party against whom summary judgment was entered. *See Murphy*, 2011 ME 59, ¶ 8, 19 A.3d at 819. To obtain a summary judgment of foreclosure, a mortgage holder must establish that there are no disputes of facts that are material to the elements required for foreclosure[3] and that the mortgage holder is entitled to judgment as a matter of law. *See* M.R. Civ. P. 56(c). The facts offered in support of summary judgment must be properly

---

3.  The following, at a minimum, must be established for a mortgage holder to foreclose:
    - the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;
    - properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;
    - a breach of condition in the mortgage;
    - the amount due on the mortgage note, including any reasonable attorney fees and court costs;
    - the order of priority and any amounts that may be due to other parties in interest, including any public utility easements;
    - evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;
    - after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and
    - if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

    *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508, 510–11 (citations omitted).

presented for a court to enter summary judgment for the mortgage holder: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." M.R. Civ. P. 56(e). The record references must refer "to evidence that is of a quality that would be admissible at trial." *Murphy,* 2011 ME 59, ¶ 9, 19 A.3d at 819.

[¶ 7] Beneficial attempted to support its statement of material facts with the affidavit of Shana Richmond, an individual who was not Beneficial's employee. The cursory reference in Richmond's affidavit to her knowledge of the critical issues— how Beneficial created, maintained, and produced the records—prompts us to clarify the foundation of knowledge that a non-employee must possess to be a "qualified witness" to lay the foundation for a business record, M.R. Evid. 803(6), in an affidavit to support summary judgment in a foreclosure action, M.R. Civ. P. 56(j).

[¶ 8] In reviewing the adequacy of the affidavit presented in this case, we (A) discuss our standard of review for the challenged ruling, (B) summarize the foundational elements and knowledge required for an affiant to establish the admissibility of a business record, and (C) review the adequacy of the affidavit presented by Beneficial to determine whether summary judgment was appropriate in this case.

B. Standard of Review on Summary Judgment

[¶ 9] In the past, we have reviewed courts' consideration of business records on summary judgment for an abuse of discretion. *See Estate of Davis,* 2001 ME 106, ¶ 10, 775 A.2d 1127, 1130–31; *United Air Lines, Inc. v. Hewins Travel Consultants, Inc.,* 622 A.2d 1163, 1167–69 (Me.1993). Since these cases were decided, however, we have clarified that, when we review a *trial* ruling regarding the admissibility of a business record, we review foundational findings for clear error and the ultimate determination of the record's admissibility for abuse of discretion. *See Bank of Am., N.A. v. Barr,* 2010 ME 124, ¶ 17, 9 A.3d 816, 820.

[¶ 10] Because we review the summary judgment record de novo in the light most favorable to the nonprevailing party, and because the evidence relied on at summary judgment must be of a quality that would be admissible at trial, we follow our bifurcated standard of review from *Barr* to determine (1) whether competent undisputed evidence, properly referenced in the statements of material facts, supports the foundational facts required for admissibility of the asserted business records; and (2) if those facts are supported, whether the court abused its discretion in considering the evidence. *See id.; see also* M.R. Civ. P. 56(e); M.R. Evid. 803(6). If necessary foundational elements for admission of a business record are not supported by competent undisputed evidence in the summary judgment record, that business record may not be considered on summary judgment. *See* M.R. Civ. P. 56(e); *see also Smith v. Burlington N. & Santa Fe Ry. Co.,* 344 Mont. 278, 187 P.3d 639, 649–50 (2008) (rejecting the application of a pure abuse-of-discretion standard of review when reviewing a ruling on the foundation for admissibility on summary judgment).

[¶ 11] If we conclude that specific documents presented in support of summary judgment lacked the necessary foundation to be admissible as business records or that the court abused its discretion in considering them, we review de novo whether, in the absence of those records, there are sufficient undisputed facts to entitle the

moving party to judgment as a matter of law. *See Murphy*, 2011 ME 59, ¶ 8, 19 A.3d at 819; M.R. Civ. P. 56(c). Beneficial's records, offered through the affidavit of HSBC's employee, constitute the only evidence in the summary judgment record concerning the contract and the breach. If those records cannot be considered, Beneficial will have failed to meet its burden on summary judgment to provide undisputed facts upon which it is entitled to judgment as a matter of law. *See* M.R. Civ. P. 56(c). Accordingly, the outcome of this appeal turns on the admissibility of the business records.

## C. Business Records Exception to the Hearsay Rule

■ [¶ 12] Hearsay, defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," M.R. Evid. 801(c), is inadmissible except as provided by law[4] or by the Maine Rules of Evidence, *see* M.R. Evid. 802. Pursuant to the Maine Rules of Evidence, a business's record of acts or events is admissible as an exception to the hearsay rule if the necessary foundation is established "by the testimony of the custodian or other qualified witness." M.R. Evid. 803(6);[5] *see Murphy*, 2011 ME 59, ¶ 10, 19 A.3d at 820. This requirement is tied to the purpose underlying the business records exception to the hearsay rule: to allow the consideration of a business record, without requiring firsthand testimony regarding the recorded facts, by supplying a witness whose knowledge of business practices for production and retention of the record is sufficient to ensure the reliability and trustworthiness of the record. *See Murphy*, 2011 ME 59, ¶¶ 10–17, 19 A.3d at 822; *State v. Radley*, 2002 ME 150, ¶¶ 13–16, 804 A.2d 1127, 1131–32; *State v. Tomah*, 1999 ME 109, ¶ 9, 736 A.2d 1047, 1050–51.

■ [¶ 13] The affiant whose statements are offered to establish the admissibility of a business record on summary judgment need not be an employee of the record's creator. *See, e.g., Ne. Bank & Trust Co. v. Soley*, 481 A.2d 1123, 1127 (Me.1984). For instance, if the records were received and integrated into another business's records and were relied upon in that business's day-to-day operations, an employee of the receiving business may be

---

4. The Legislature has, for instance, crafted certain limited exceptions to the inadmissibility of hearsay. *See, e.g.,* 22 M.R.S. § 4007(3–A) (2010) (providing that, absent a timely objection, the written report of a licensed mental health professional is admissible in a child protection proceeding, without the professional's testimony, if that professional treated or evaluated the child who is the subject of the proceeding).

5. The business records exception is stated as follows in the Maine Rules of Evidence:

   The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

   . . . .

   **(6) Records of regularly conducted business.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business, and if it was the regular practice of that business to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 903(12) or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

   M.R. Evid. 803.

a qualified witness. *See id.; see also* Field & Murray, *Maine Evidence* § 803.6 at 486 (6th ed.2007). In such instances, records will be admissible pursuant to the business records exception to the hearsay rule, M.R. Evid. 803(6), if the foundational evidence from the receiving entity's employee is adequate to demonstrate that the employee had sufficient knowledge of both businesses' regular practices to demonstrate the reliability and trustworthiness of the information. *Soley,* 481 A.2d at 1126–27; *see also United States v. Pfeiffer,* 539 F.2d 668, 670–71 (8th Cir.1976) (upholding the admission of delivery receipts from a common carrier when the sender's employee testified about the process by which such receipts were generated and obtained in the regular course of business and relied upon by the sender).

[¶ 14] Such an affiant must demonstrate knowledge that

- the producer of the record at issue employed regular business practices for creating and maintaining the records that were sufficiently accepted by the receiving business to allow reliance on the records by the receiving business;
- the producer of the record at issue employed regular business practices for transmitting them to the receiving business;
- by manual or electronic processes, the receiving business integrated the records into its own records and maintained them through regular business processes;
- the record at issue was, in fact, among the receiving business's own records; and
- the receiving business relied on these records in its day-to-day operations.

*See Soley,* 481 A.2d at 1126–27. The affiant must have firsthand knowledge, based on the affiant's supervision of or partic-ipation in day-to-day business operations of the receiving business, that the records were among those created, maintained, and transmitted through regular business practices. *Murphy,* 2011 ME 59, ¶ 10, 19 A.3d at 820; *Barr,* 2010 ME 124, ¶ 19, 9 A.3d at 821. An affiant so qualified must aver the following standard foundational elements, some of which may already have been established through proof of the witness's qualifications:

(1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;

(2) the record was kept in the course of a regularly conducted business;

(3) it was the regular practice of the business to make records of the type involved; and

(4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*Murphy,* 2011 ME 59, ¶ 10, 19 A.3d at 820 (quoting *Barr,* 2010 ME 124, ¶ 18, 9 A.3d at 821); *see* M.R. Evid. 803(6).

### D. Admissibility of Beneficial's Records and Summary Judgment Review

[¶ 15] In the matter before us, Richmond was not an employee of Beneficial itself but of Beneficial's "servicer," HSBC. Although Richmond's affidavit states that the records were kept by Beneficial in the ordinary course of business from information supplied at or near the time of the recorded events by a person with knowledge of those events, it does not provide any basis for Richmond's personal knowledge of Beneficial's practices. Richmond does not purport to be the custodian of the records, nor does she explain the source of her understanding of Beneficial's

"daily operation" or show the "firsthand nature of [her] knowledge." *Murphy,* 2011 ME 59, ¶ 10, 19 A.3d at 820 (quotation marks omitted). Her affidavit indicates only that she has personal knowledge of "this account and of the records of this account" and that she has "access to the records." The affidavit provides no elaboration on the nature of HSBC's role as Beneficial's "servicer," or of HSBC's responsibilities and activities with regard to Beneficial's accounts.

[¶ 16] Although it is possible that an employee of HSBC—perhaps even Richmond herself—may have personal knowledge of both entities' practices for creating, maintaining, and transmitting the records, the affidavit does not report the basis for Richmond's knowledge of (1) Beneficial's practices for creating, maintaining, and transmitting the records at issue; (2) HSBC's practices in obtaining and maintaining the bank's records for HSBC's own use; or (3) HSBC's integration of the bank's records into HSBC's own records. *See Murphy,* 2011 ME 59, ¶ 10, 19 A.3d at 820; *Barr,* 2010 ME 124, ¶¶ 18–19, 9 A.3d at 820–21; *Soley,* 481 A.2d at 1127; M.R. Civ. P. 56(e). Richmond did not, therefore, establish that she was a "custodian or other qualified witness" who could provide trustworthy and reliable information about the regularity of the creation, transmission, and retention of the records offered. M.R. Evid. 803(6). Because Richmond's affidavit could not establish the foundation for the records' admissibility, the court could not properly consider those records on summary judgment. *See* M.R. Civ. P. 56(e).

[¶ 17] Beneficial presented no other evidence regarding the mortgage, the default, or the other elements set forth in *Chase Home Finance LLC v. Higgins,* 2009 ME 136, ¶ 11, 985 A.2d 508, 510–11,

to support its motion for summary judgment. Because of the deficiencies in the affidavit, Beneficial has failed to demonstrate on summary judgment that the Carters were obligated by, and defaulted on, the mortgage note, and that Beneficial is entitled to judgment as a matter of law. *See* M.R. Civ. P. 56(c), (e); *Murphy,* 2011 ME 59, ¶ 17, 19 A.3d at 822. Accordingly, we vacate the summary judgment entered in favor of Beneficial. Having reached this conclusion, we do not address the Carters' additional argument regarding the adequacy of the notice of default and the right to cure.

The entry is:

Summary judgment vacated. Remanded for further proceedings.