STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Civil Action
Docket No. RE-10-548
TDW – CUM ✓7/13/2011

BAC HOME LOANS SERVICING LP,

Plaintiff,

v.

ORDER

LESLIE W. MACKIN, et al,

Defendants.

Plaintiff has submitted a response to the court's May 27, 2011 order setting forth its reasons why Fannie Mae need not be substituted as a plaintiff and seeking reconsideration of the court's ruling that plaintiff has not demonstrated that the records on which it bases its application for an entry of default are admissible pursuant to M.R.Evid. 803(6).

The court is persuaded by plaintiff's position that it is the proper party to pursue this foreclosure action. However, while it has considered plaintiff's arguments that it need not demonstrate that the records in question are admissible pursuant to Rule 803(6) because they are legally operative documents that are self-authenticating, the court adheres to its earlier order on that issue. In addition to HSBC Mortgage Services v. Murphy, 2011 ME 59, a more recent decision from the Law Court has re-emphasized the necessity of compliance with Rule 803(6) in foreclosure cases. Beneficial Maine Inc. v. Carter, 2011 ME 77.

The entry shall be:

The court adheres to its May 27, 2011 order. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).


Dated: ____July 13, 2011____

_____
Thomas D. Warren
Justice, Superior Court

2

BAC HOME LOANS SERVICING LP VS LESLIE W MACKIN ET AL
UTN:AOCSsr  -2010-0117374                        CASE #:PORSC-RE-2010-00548
---------------------------------------------------------------------------

01 0000000710          JONES, DAVID J
      11 MAIN STREET SUITE 4 KENNEBUNK ME 04043
      F      BAC HOME LOANS SERVICING LP           PL        RTND    11/04/2010