STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: RE-11-35
JAW-CUM- 12/8/2011

OCWEN LOAN SERVICING, LLC,

Plaintiffs,

v.

KEITH M. PARRY,

Defendant,

**ORDER**

and

JENNIFER L. PARRY and
USAA FEDERAL SAVINGS BANK,

Parties-In-Interest

Before the court is the Plaintiff's Motion to Reconsider and Motion for

Leave to File Supplemental Pleadings in Support of its Motion for Summary

Judgment.

**BACKGROUND**

The Plaintiff, Ocwen Loan Servicing, LLC, filed is Complaint in this

foreclosure action on December 30, 2010. On May 11, 2011, the Plaintiff filed its

Motion for Summary Judgment on the Complaint. Although the defendant,

Keith M. Parry, appeared in the case, the motion was unopposed. However,

regardless of whether the motion for summary judgment is opposed, the court

has an independent obligation to ensure compliance with M.R. Civ. P. 56(j) in a

foreclosure action. The court must also determine if the mortgage holder has set

forth in its statement of material facts the minimum facts necessary for summary

judgment in a residential mortgage foreclosure. *Chase Home Finance LLC v.*

1

*Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

By order dated August 17, 2011, this court denied the Plaintiff's motion for summary judgment because the statements of material fact failed to state the amount due to and priority of USAA Federal Savings Bank and failed to provide proof that notice was sent to the Defendant in compliance with 14 M.R.S. § 6111(3).

On August 29, 2011, the Plaintiff filed the current motions seeking to supplement the statements of material facts and supporting affidavits in order to comply with the requirements of M.R. Civ. P. 56.

### DISCUSSION

The motion is captioned as a motion for reconsideration under M.R. Civ. P. 56(e). Even on reconsideration the court still must deny the motion for summary judgment. The Plaintiff has adequately addressed the grounds for denial by supplementing the statements of material fact with the order and amounts of priority and proof of compliance with 14 M.R.S. § 6111(3). However, upon a second review of the motion, the court finds that the Plaintiff has not adequately proven ownership of the mortgage and its "Affidavit of Lender" is not reliable.

1.   Mortgage

The plaintiff cites to an assignment by Mortgage Electronic Registration Systems, Inc. (MERS) to Ocwen Loan Servicing, LLC, recorded in Book 38335, Page 114, purporting to assign Ocwen ownership of the mortgage and the right to foreclose. Pl.'s SMF 2.

In *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME 79, 2 A.3d 289, the Law Court held that the only rights conveyed to MERS, as nominee for the lender, was bare legal title to the property for the sole purpose of

2

recording the mortgage and the corresponding right to record the mortgage. *Id.* at 2010 ME 79 ¶ 10, 2 A.3d 289. The remaining beneficial rights in the mortgage are vested solely in the lender. *Id.*

The mortgage attached to the "Affidavit of Lender" at Exhibit B contains the same language as that described in *Saunders*. Therefore, MERS' rights to the mortgage are limited to the right to record. Any assignment of MERS' rights would only be an assignment of this right to record. *See Deutche Bank Nat'l Trust Co. v. Merrill*, 2010 Me. Super. LEXIS 126, * 6 (October 14, 2010). MERS cannot assign the rights granted to the lender under the Mortgage. Therefore, the "Assignment of Mortgage" attached as Exhibit C to the "Affidavit of Lender" does not give Ocwen Loan Servicing, LLC any rights in the mortgage other than the right to record and, thus, Ocwen has not demonstrated ownership of the mortgage or the right to foreclose.

## 2. Affidavit

"The affiant whose statements are offered to establish the admissibility of a business record on summary judgment need not be an employee of the record's creator." *Beneficial Maine, Inc. v. Carter*, 2011 ME 77, ¶ 13, 25 A.3d 96. To admit records not made by the affiant's business, the affiant must demonstrate, among other requirements, "knowledge that the producer of the record employed regular business practices for creating and maintaining the records." *Id.* at ¶ 14.

It is unclear whether Ocwen was the loan servicer while the original lender still owned the mortgage or if Ocwen only began servicing the loan when the mortgage was allegedly assigned to it by MERS in November 2010. If it is the latter, then Ocwen's affiant has not sufficiently demonstrated personal knowledge of the records kept by the original lender. To the extent that his

3

testimony is based in part on the payment records kept by the previous lender/servicer, that testimony is not admissible under the business records exception based on this affidavit.

**The entry is:**

the Court **ORDERS** that Plaintiff's summary judgment Motion is **DENIED.** The clerk shall schedule a Case Management Conference.


DATE: December 7, 2011

Joyce A. Wheeler
Justice, Superior Court

4