STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Docket No. RE-13-0141
TDW-CUM - 9/27/2013

MIDFIRST BANK,

Plaintiff

v.

KAMILA FIX and MATTHEW FIX,
                                    Defendants
and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR PRINCIPAL
RESIDENTIAL MORTGAGE, INC.,
                          Party-in-Interest

**ORDER ON MOTION
FOR SUMMARY JUDGMENT**

STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 30 2013

RECEIVED

Before the court is a motion by plaintiff MidFirst Bank for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. No opposition to the motion has been filed.

The plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j). [1] The court is independently required to determine if those requirements have been met and is also required to determine whether the mortgage holder has set forth in its Statement of Material Facts the acts necessary for summary

_____

[1] Maine Rule of Civil Procedure 56(j) states, in part:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

judgment in a residential mortgage foreclosure. *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

After reviewing the file, the court concludes that the requirements for a summary judgment of foreclosure have not been met for the following reasons:

The plaintiff has not demonstrated that the affiant, Philip Evans, is qualified to testify as to the defendant's default and the amount due on the mortgage note. *See Beneficial Maine, Inc. v. Carter*, 2011 ME 77, ¶¶14-16, 25 A.3d 96; M.R. Evid. 803(6); M.R. Civ. P. 56(e); (Evans Aff. ¶¶ 7, 8). MidFirst Bank was not assigned the mortgage until April 3, 2012. However, the alleged default occurred in August 2011. (Evans Aff. ¶ 7; Evans Aff. Ex. C, E.) It is unclear to the court when MidFirst Bank began servicing the loan, and the extent of Evans's reliance on documents from other entities.

To the extent that the Evans affidavit relies on documents from other entities, MidFirst has not met the foundational standard set forth in *Beneficial Maine Inc. v. Carter* for business records received from another company. M.R. Civ. P. 56(e); *Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶¶13-16, 25 A.3d 96; (Evans Aff. 3; Evans Aff. Ex. D). Exhibit D to the Evans Affidavit includes records from CitiMortgage, Inc.; however, there is no mention of CitiMortgage, or any transfer of records, in either the Statement of Material Facts or the Evans Affidavit. Because Evans did not lay the proper foundation for the introduction of the CitiMortgage records, they may not be considered on summary judgment. M.R. Civ. P. 56(e); *Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶¶13-16, 25 A.3d 96.

Consequently, the plaintiff has failed to establish the amount due on the mortgage note. *See Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. Aside from the CitiMortgage records, the plaintiff relies on the following documents to establish the default and the amount due on the note: a "Judgment Figures" document,

2

an "Escrow Breakdown" document, and various untitled records regarding the loan.[2] (Evans Aff. Ex. D.) The Judgment Figures document does not remedy the plaintiff's failure to establish the amount due on the note because it appears to be created in anticipation of litigation, and therefore does not appear to meet the foundational requirements of M.R. Evid. 803(6). *See HSBC Mortgage Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 17, 19 A.3d 815. Alone, the other documents lack enough information to sufficiently establish the amount due and the default. *See Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.[3]

The entry shall be:

Plaintiff's motion for summary judgment is denied. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: September 27, 2013

Thomas D. Warren
Justice, Superior Court

---

[2] The Evans Affidavit, cited to by the plaintiff's Statement of Material Facts, lists a fee for Legal Expenses in its calculation for the amount due on the note. (Pl.'s S.M.F. ¶ 14; Evan's Aff. ¶ 7.) Exhibit D includes a document that shows that a "Legal-Misc Fee" includes a court filing fee. (Evans Aff. Ex. D 5.) Plaintiff's attorney also includes a charge for a filing fee in his affidavit ("Stearns Affidavit"). (Stearns Aff. ¶ 7.) It is unclear to the court why this fee is included in both figures.

[3] The court also has several concerns regarding the draft judgment submitted by plaintiff. The draft judgment includes the incorrect post-judgment interest rate. (Pl.'s Draft J. 2.) Also, the draft judgment omits an adequate description of the property. (Pl.'s Draft J.) As the party-in-interest has not appeared, the plaintiff should seek an entry of default against the party in interest, or have its default entered at trial. M.R. Civ. P. 55.

3

MIDFIRST BANK VS KAMILA FIX ET AL
UTN:AOCSsr  -2012-0041531                    CASE #:PORSC-RE-2013-00141
-------------------------------------------------------------------

01 0000004336            STEARNS, DAVID E
   7 OCEAN ST PO BOX 2412 SOUTH PORTLAND ME 04116-2412
   F     MIDFIRST BANK                        PL        RTND    05/03/2012