STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-0332
*NM - CUM- 3/11/2014*

JPMORGAN CHASE BANK, N.A.,

Plaintiff

v.

ORDER ON MOTION FOR
SUMMARY JUDGMENT

SUSAN GOLDBERG,

Defendant

and

PARKWAY PINES CONDOMINIUM
ASSOCIATION,

Party-in-Interest

Before the court is plaintiff's motion for summary judgment in an action for
foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. No opposition to the
motion has been filed. For the following reasons, the motion is denied.

The plaintiff's motion for summary judgment is subject to Rule 56(j), which
imposes detailed requirements for granting summary judgment in foreclosure
actions. M.R. Civ. P. 56(j).[1] The court is required independently to determine if
those requirements have been met and to determine whether the mortgage holder
has set forth in its statement of material facts the facts necessary for summary

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:
No summary judgment shall be entered in a foreclosure action filed pursuant
to Title 14, Chapter 713 of the Maine Revised Statutes except after review by
the court and determination that (i) the service and notice requirements of 14
M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff
has properly certified proof of ownership of the mortgage note and produced
evidence of the mortgage note, the mortgage, and all assignments and
endorsements of the mortgage note and the mortgage; and (iii) mediation,
when required, has been completed or has been waived or the defendant,
after proper service and notice, has failed to appear or respond and has been
defaulted or is subject to default.

judgment in a residential mortgage foreclosure. Chase Home Fin. LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508.

After reviewing the file, the court concludes that the requirements for a summary judgment of foreclosure have not been met. The plaintiff has not demonstrated that affiant Donna J. Gilkerson is qualified to testify as to the defendant's default and the amount due on the note. See Beneficial Maine, Inc. v. Carter, 2011 ME 77, ¶¶ 14-16, 25 A.3d 96; M.R. Evid. 803(6); M.R. Civ. P. 56(e); (Gilkerson Aff. ¶¶1-3, 5). The plaintiff alleges the defendant did not make the required monthly payments beginning April 1, 2011. JPMorgan Chase Bank, N.A., was not assigned the mortgage until May 14, 2012. (Pl.'s S.M.F. ¶¶ 4-5; Gilkerson Aff. ¶¶ 8, 10; Ex. D.) It is unclear to the court when the plaintiff began servicing the loan, and the extent to which Ms. Gilkerson relied on documents that were created by other entities.

In her affidavit, Ms. Gilkerson has not satisfied the foundational requirements to permit her to testify regarding the business records of JP Morgan Chase or of other entities involved. See Beneficial Maine, 2011 ME 77, ¶¶ 13-14, 25 A.3d 96. With regard to the records of JP Morgan Chase, Ms. Gilkerson states only that the records "are maintained by Chase during the course of Chase's regularly conducted business activities," and her testimony does not reflect firsthand knowledge or show that she was intimately involved in the plaintiff's daily operations. See Beneficial Maine, 2011 ME 77, ¶ 14, 25 A.3d 96; HSBC Mortgage Servs., Inc. v. Murphy, 2011 ME 59, ¶ 10, 19 A.3d 815; (Gilkerson Aff. ¶ 5.) With regard to the records of other entities involved, Ms. Gilkerson states that the plaintiff's business records "may include records pertaining to the loans it services which were created by others, including records of prior servicers" and that it is the plaintiff's policy "to confirm

2

such records at the time of acquisition . . . ." (Gilkerson Aff. ¶ 5.) Ms. Gilkerson identifies neither the prior servicers nor the records that originated from those prior servicers. Further, she does not address the policies regarding the transfer of records as required. See Beneficial Maine, 2011 ME 77, ¶¶ 13-14, 25 A.3d 96; (Gilkerson Aff. 1-6).

The Law Court has held that an affiant "whose statements are offered to establish the admissibility of a business record on summary judgment need not be an employee of the record's creator"; however, the affiant must meet the requirements of Rule 803(6) as well as additional requirements regarding the transfer and integration of business records. Id. Plaintiff has not provided adequate evidence of the default or the amount due on the note. See Beneficial Maine, 2011 ME 77, ¶¶ 13-14, 25 A.3d 96; Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508.

The entry is

The Plaintiff's Motion for Summary Judgment is DENIED.

Dated: 3-11.14

Nancy Mills
Justice, Superior Court

3

WILLIAM JORDAN ESQ
SHAPIRO & MORLEY
707 SABLE OAKS DRIVE
SUITE 250
SOUTH PORTLAND ME 04106

SAMUEL SHERRY ESQ
PO BOX 7875
PORTLAND ME 04112-7875

SUSAN GOLDBERG
2459 FRANCISCAN DRIVE APT 3
CLEARWATER FL 33763-3250