ENTERED FEB 1 2 2015

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-236

TDW-CUM-01-26-15

HSBC BANK N.A., as Trustee,

Plaintiff

v.

MATTHEW BYRON,

Defendant

STATE OF MAINE
Cumberland. ss. Clerk's Office

JAN 2 8 2015

RECEIVED

ORDER

The above-captioned mortgage foreclosure case was tried to the court on January 23, 2015. The court heard evidence and reserved decision on three issues: (1) whether the note (Plaintiff's Ex. 1) is admissible as a business record or otherwise; (2) whether the payment record offered as Plaintiff's Ex. 5 is admissible as a business record; and (3) whether the Notice of Default and Right to Cure sent in this case complied with 14 M.R.S. § 6111.

The court concludes that the note is admissible. If the note were offered solely as a business record, there might be a question since it was transmitted to HSBC's servicer by the original lender, and no witness was offered with the requisite familiarity with the prior lender's business records. However, notes do not comfortably fit within the category of business records since they do not exactly fit within the category of a "memorandum, report, record, or date compilation" under M.R.Evid. 803(6).

Notes and the signatures thereon are self-authenticating under M.R.Evid. 902(9), and the authenticity of a signature on a note is admitted unless the signature is specifically denied in the pleadings. 11 M.R.S. §3-1308(1). In this case defendant Byron's answer admitted that he

executed a note and did not specifically deny the signature although he denied that Ex. C to the complaint was a true and accurate copy.

Given that the note is authenticated and the signature was admitted, the note is admissible under Rule 902(9) § 3-1308(1) and as an admission under Rule 801(d)(2) even if not admissible as a business record.[1]

The court does not find that the payment record (Ex. 5) relied upon by plaintiff to establish that a default occurred and the amounts due is admissible. No witness was presented who had the requisite qualifications to establish that the entries dating from the time when the default allegedly occurred were business records. *Beneficial Maine Inc. v. Carter*, 2011 ME 77 ¶¶ 13-16, 25 A.3d 96. Although the *Carter* decision cites *Northeast Bank & Trust Co. v. Soley*, 481 A.2d 1123, 1126-27 (Me. 1984), for the proposition that an employee of a receiving entity may be a qualified witness to testify as to the admissibility of a prior servicer's business records if those records were integrated into the receiving entity's records, 2011 ME 77 ¶ 13, the Law Court in *Carter* also indicated that the employee of the receiving entity must have sufficient knowledge of both businesses' regular practices to demonstrate the reliability and trustworthiness of the information in question. *Id.* ¶ 13; *see* ¶¶ 15-16. That knowledge is missing in this case.

Because the absence of an admissible business record to establish the default on which plaintiff relies in this case, judgment shall enter for defendant. As a result, the court does not need to reach the issue of whether plaintiff's Exhibit 4 complies with 14 M.R.S. § 6111. In the alternative, if the court were to reach that issue, it appears that the notice is at best ambiguous as

---

[1] The alternative, that someone would have to prove that the note was made at or near the time by a person with knowledge, would run counter to the entire concept of a negotiable instrument.

2

to the amount necessary to be paid by the cure date, which would not constitute strict compliance with § 6111.[2] *See Bank of America v. Greenleaf*, 2014 ME 89 ¶¶ 29-31.

The entry shall be:

Judgment for defendant. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January 26, 2015

Thomas D. Warren
Justice, Superior Court

---

[2] On the first page the notice sets forth a payment amount to avoid default, "together with payments which may subsequently accrue, on or before the Cure Date listed below." On the second page the notice states:

> Additional payments may become due between the date of this letter and the Cure Date. If you wish to cure the default after those payments become due, they should be added to the Amount Required to Cure. Fees and other charges may continue to be assessed to your account after the date of this letter . . . . In addition, there may be other fees, escrow advances or corporate advances that SPS paid on your behalf or advances to your account not itemized in this letter. While these amounts are not required to cure the payment default, you still owe these amounts.

(emphasis added). From this language it is not possible to discern which additional payments, fees, and charges were required to be paid to cure the default and which were not required to cure the default.

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JENAI CORMIER ESQ
DOONAN LONGORIA & GRAVES
100 CUMMINGS CENTER SUITE 225D
BEVERLY MA 01915

*Plaintiff's Attorney*

---

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JOHN CLIFFORD ESQ
CLIFFORD & GOLDEN PA
PO BOX 368
LISBON FALLS ME 04252

*Defendant's Attorney*