STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-137

NATIONSTAR MORTGAGE LLC,

Plaintiff

v.

ESTATE OF JOHN R. DARLING,

Defendant

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 12 2015

RECEIVED

At the trial in this foreclosure case on May 5, 2015, the court reserved decision on the admissibility of several exhibits that are essential to plaintiff Nationstar Mortgage LLC's right to obtain a judgment of foreclosure. The parties have since briefed the admissibility issues in question.

The original loan was made by Countrywide Bank FSB, which (according to plaintiff) was merged into Bank of America. The original mortgage was granted to MERS as nominee, but Nationstar is not relying on any purported assignment from MERS. Instead Nationstar is relying on a November 7, 2012 assignment from the Bank of America to Nationstar.

The initial question is whether there is sufficient evidence that Countrywide Bank FSB was merged into the Bank of America. On this issue Nationstar has offered Exhibits 9 and 9.1, whose admissibility is objected to by the defendant, Estate of John R. Darling.

In the court's view the Estate is correct that neither Exhibit 9 nor 9.1 – a copy of a letter on the stationery of the Comptroller of the Currency conditionally approving the merger of Countrywide FSB into the Bank of America and a printout from the FDIC's internet site showing that Countrywide Bank FSB was merged into Bank of America N.A. – are independently

admissible. They would only qualify as an exception to hearsay as public records under M.R.Evid. 803(8)(A), but they have not been authenticated by any witness with knowledge and they are not self-authenticating because they have not been provided under seal. *See* M.R. Evid. 902(1).

The remaining question is whether the court can take judicial notice of the merger of Countrywide Bank FSB into Bank of America. While it generally known that some Countrywide entity was purchased by Bank of America, the court does not conclude that it is generally known for purposes of M.R.Evid. 201(b)(1) that the purchase resulted in a merger or that the specific entity involved was "Countrywide Bank FSB." [1]

However, the court agrees that the merger of Countrywide Bank FSB into the Bank of America is a fact that is capable of accurate and ready determination under M.R.Evid. 201(b)(2). *See, e.g.,* Nationstar's Ex. 9.1, which although not admissible demonstrates that the merger in question is capable or accurate and ready determination.

The Estate also questions the admissibility of Exhibits 5 and 6. The first problem is that those exhibits incorporate information that originated with the Bank of America because the alleged default occurred before the note and mortgage were assigned to Nationstar. Nationstar's witness had not worked for the Bank of America. Although he testified that he was familiar with the Bank of America recordkeeping practices because the law firm he had previously worked for had represented the Bank of America the court does not believe that he was ever asked whether Bank of America records – like those that were incorporated into the Nationstar system in this case – were created at or near the time in question by persons with knowledge.

---

[1] There were other Countrywide entities, such as "Countrywide Home Loans Inc." *See Jesinoski v. Countrywide Home Loans Inc.,* 135 S. Ct. 790 (2015).

2

Moreover, even if he had offered that testimony, he was not asked and did not testify enough about his familiarity with Bank of America records so that he could have offered an adequate foundation. Simply reciting that Bank of America records were incorporated into Nationstar's record keeping system and that quality control checks were conducted is not sufficient. The foundational evidence from a receiving entity's employee must demonstrate that the employee "had sufficient knowledge of **both** businesses' regular practices" to demonstrate the reliability of the information. *Beneficial Maine Inc. v. Carter,* 2011 ME 77 ¶ 13 (emphasis added). [2]

There is another problem as well. If the records had been admitted, they would have to demonstrate at a minimum that a default in payment had occurred. The court has looked at Exhibits 5 and 6 and cannot find a payment history from which it can be discerned that a default occurred on August 1, 2009 as Nationstar claims.

The entry shall be:

Defendant's challenge to the admissibility of Exhibits 5 and 6 is upheld. Without those exhibits there is no insufficient evidence to prove that plaintiff is entitled to foreclose the mortgage at issue. Judgment for defendant. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June _11_, 2015

_____
Thomas D. Warren
Justice, Superior Court

---

[2] In addition, one of the pages in Nationstar's Exhibit 5 bears the legend, "This worksheet is subject to attorney-client privilege and is not to be attached as an Exhibit to any document." Attaching this document to an exhibit despite this directive obviously waives any privilege, but this language undercuts the claim that the document is a business record.

3

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

BRENT YORK ESQ          *Plaintiff's Counsel*
PHILLIPS OLORE DUNLAVEY & YORK PA
PO BOX 1087
PRESQUE ISLE ME 04769-1087

---

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

PETER HATEM ESQ          *Defendants Counsel*
258 US ROUTE ONE
SCARBOROUGH ME 04074-8904