STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. RE-17-021 ✓

PEOPLE'S UNITED
BANK, N.A.,

            Plaintiff                   ORDER ON PLAINTIFF'S
                                        MOTION FOR SUMMARY
v.                    STATE OF MAINE     JUDGMENT
                Cumberland, ss. Clerk's Office

JASON D. ALFIERO,
                        JUL 25 2017
            Defendant   8:53 a.m.
                        RECEIVED

Before the court is plaintiff's motion for summary judgment. Based on the allegations in the compliant, the original lender and mortgagee was Maine Bank & Trust Company. (Compl. ¶¶ 4-5.) The note and mortgage are dated April 30, 2004. (Id.) Plaintiff is the successor by merger to Maine Bank & Trust; the merger took place in 2009. (Id. ¶ 6.)

Jennifer Whitehouse, plaintiff's representative, has been a senior collector for plaintiff since 2014. (Whitehouse Aff. ¶ 1.) Ms. Whitehouse does not provide any basis to demonstrate her qualification to testify about the records of Maine Bank & Trust. (Id. ¶¶ 1-5); see M.R. Evid. 803(6); Beneficial Maine v. Carter, 2011 ME 77, ¶ 13, 25 A.3d 96 (affiant need not be an employee of the record's creator "if the foundational evidence from the receiving entity's employee is adequate to demonstrate that the employee had sufficient knowledge of both businesses' regular practices to demonstrate the reliability and trustworthiness of the information"); HSBC Mortg. v. Murphy, 2011 ME 59, ¶ 10, 19 A.3d 815 ("A qualified witness is one who was intimately involved in the daily operation of the [business] and whose testimony showed the firsthand nature of his knowledge."); see also Bank of Am., N.A. v. Greenleaf, 2014

1

ME 89, ¶ 25, 96 A.3d 700 (M.R. Evid. 803(6) dictates what foundation must be laid to admit business records and the type of witness required to lay that foundation).

The Law Court has consistently emphasized that in residential foreclosure cases, strict application of summary judgment rules is important. See Murphy, 2011 ME 59, ¶ 11, 19 A.3d 815. When the necessary foundation for admission of business records is not supported by competent undisputed evidence in the record, the records may not be considered. See Carter, 2011 ME 77, ¶ 10, 25 A.3d 96; M.R. Civ. P. 56(e). Because the records in this case may not be considered, plaintiff has failed "to meet its burden on summary judgment to provide undisputed facts upon which it is entitled to judgment as a matter of law." Carter, 2011 ME 77, ¶ 11, 25 A.3d 96.

The entry is

> Plaintiff People's United Bank, N.A.'s Motion for Summary Judgment is DENIED.

Date: July 24, 2017

Nancy Mills
Justice, Superior Court

2