ENTERED DEC 3 0 2014 *append*

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVL ACTION
Docket No. RE-14-103

TDW-CUMM – 12-22-14

MECHANIC SAVINGS BANK,
                    Plaintiff

**ORDER ON MOTION FOR
SUMMARY JUDGMENT**

STATE OF MAINE
Cumb... ... ...ds Office

JOSEPH P. VICARIO,
And
FRANCES E. VICARIO,
                    Defendants

DEC 23 2014

RECEIVED

Before the court is the plaintiff's supplemental motion for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321-6325 (2014). *See* M.R. Civ. P. 56. The court requested additional information following the plaintiff's first filing in an order dated November 10, 2014. The defendants did not file an opposition to the plaintiff's original motion or its supplemental motion.

The plaintiff's supplemental motion cured the defects relating to the admission of certain documents identified in the court's November order. However, because the plaintiff did not submit an amended statement of material facts citing to the supplemental affidavit, the portions of the plaintiff's statement of material facts identified as insufficiently supported by citations to record materials remain unsupported.[1]

Additionally, a foreclosure plaintiff's statement of material facts must contain certain facts. *See HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 10, 28 A.3d 1158. Among these facts is the book and page number that the mortgage is recorded on in Registry of Deeds. *Id.*

---

[1] The November order identified the plaintiff's statement regarding the book and page number of the mortgage and multiple statements related to the defendants' alleged default as unsupported by the records cited to. (*See* Supp. S.M.F. ¶¶ 3, 5-7.) These deficiencies could only be cured by submitting an amended statement of material facts citing to the proper paragraphs of the existing or supplemental affidavit submitted by the plaintiff.

The plaintiff's original statement of material facts listed the incorrect recording information and an amended statement of material facts is required to remedy this issue. Accordingly, the plaintiff's motion for summary judgment is denied.[2]

Because the supplemental motion is being denied on the basis of technicalities, albeit significant technicalities, and because this case is on the trial on January 5, 2015, plaintiff may submit a supplemental statement of material facts on or before January 5, 2014. Unless the supplemental statement of material facts is sufficient to remedy the deficiencies noted above, however, plaintiff shall be expected to proceed to try its foreclosure case on January 5.

The entry shall be:

The plaintiff's motion for summary judgment is denied. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 12/22/14

Thomas D. Warren
Justice, Superior Court

---

[2] The plaintiff suggests that the court take judicial notice of the book and page number that the mortgage is recorded on. *See* M.R. Evid. 201. Although this may be appropriate in some instances, case law is clear that a foreclosure plaintiff must present a statement of material fact that provides this information. *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 10, 28 A.3d 1158 ("[T]he mortgage holder must include, at a minimum, the following facts in its statement of material facts . . . ."). "Facts not set forth in the statement of material facts are not in the summary judgment record even if the fact in question can be gleaned from affidavits or other documents attached to, and even referred to in portions of, a statement of material fact." *Id.*

2

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

SONIA BUCK ESQ
LINNELL CHOATE & WEBBER
PO BOX 190
AUBURN ME 04212-0190

Plaintiffs Counsel

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JOSEPH VICARIO
FRANCES VICARIO
PO BOX 1641
NAPLES ME 04055

Defendants

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVL ACTION
Docket No. RE-14-103
TDW-CUM- 11-10-14

MECHANIC SAVINGS BANK,
                                    Plaintiff

v.

JOSEPH P. VICARIO and
FRANCES E. VICARIO,
                                    Defendants

ORDER ON MOTION FOR
SUMMARY JUDGEMENT

STATE OF MAINE
Cumberland ss Clerk's Office

NOV 12 2014

RECEIVED

Before the court is the plaintiff, Mechanic Savings Bank's, motion for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321-6325 (2013).

The defendants, Joseph and Frances Vicario, did not file an opposition to the plaintiff's motion. However, the plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court is independently required to determine if those requirements have been met and is also required to determine whether the mortgage holder has set forth in its statement of material facts the evidence necessary for a judgment in a residential mortgage foreclosure. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citing *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508).

---

[1] Maine Rule of Civil Procedure 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

After reviewing the plaintiff's motion, the court concludes that the requirements for a summary judgment of foreclosure have not been met for multiple reasons. First, the affiant, Gerald Therrien, failed to establish the factual foundation necessary for admission of the records evidencing the amount due and the notice of the mortgagor's right to cure. *See* M.R. Evid. 803(6); M.R. Civ. P. 56(e); *Greenleaf*, 2014 ME 89, ¶ 25, 31, 96 A.3d 700 (setting forth the foundation a qualified witness must establish with regard to each record); *HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815 ("A party's assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial."); (Pl.'s Ex. C, D, E). Without the admission of these records the plaintiff cannot demonstrate compliance with 14 M.R.S. § 6111 (2013) or establish the amount due on the note and mortgage. *See Beneficial Me., Inc. v. Carter*, 2011 ME 77, ¶ 17, 25 A.3d 96.

M.R. Evid. 803(6) governs the admissibility of business records and requires a qualified witness to attest, with regard to each record, that:

> 1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;
>
> (2) the record was kept in the course of a regularly conducted business;
>
> (3) it was the regular practice of the business to make records of the type involved; and
>
> (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700.

The affidavit submitted by Therrien fails to state that the "loan payoff statement and [the] account statement," which Therrien relied on to determine the amount due, were "made at or near the time of the events reflected in the record by, or from information transmitted by, a

2

person with personal knowledge of the events recorded therein."[2] *Id.*; (Supp. S.M.F. ¶ 12; Therrien Aff. ¶ 15). Furthermore, Therrien makes no assertions regarding the preparation and retention of the notice of the mortgagor's right to cure.[3] (Supp. S.M.F. ¶ Therrien Aff. ¶ 12.) For these reasons, Therrien failed to establish the foundation necessary to admit the records upon which he relied. As these records and Therrien's affidavit are the only evidence cited in support of the plaintiff's statement of material fact regarding the amount due and compliance with the notice requirements of 14 M.R.S. § 6111, the plaintiff failed to establish these necessary elements of proof.[4] *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *Carter*, 2011 ME 77, ¶ 17, 25 A.3d 96; (Supp. S.M.F. ¶¶ 9, 14).

Second, the plaintiff's statement regarding the book number that the mortgage is recorded in is not properly supported. The plaintiff's statement of material facts states that the mortgage is recorded in book number 25255 and cites to Therrien's affidavit. (Supp. S.M.F. ¶ 3; Therrien Aff. ¶ 6.) However, Therrien does not cite to any records to support his assertion and it seems unlikely that Therrien has personal knowledge of the book number the mortgage is recorded in without reference to the plaintiff's business records. Additionally, a review of the mortgage filed

---

[2] Therrien did aver that "these records (the note and mortgage, which are attached hereto as Exhibits A and B, respectively) were made at or near the time the loan was made, by or from information transmitted by person with knowledge of the loan records." (Therrien Aff. ¶ 2.) This statement, however, appears to be confined to the note and mortgage alone. The account statement and loan payoff statement are addressed in a separate paragraph of the affidavit that does not contain a similar averment regarding the time at which the record was made or what knowledge the person making the record possessed. (*See* Therrien Aff. ¶ 15.)

[3] Therrien does aver that the notices attached to his affidavit are "true copies" of the notice sent to the defendants. (Therrien Aff. ¶ 12.)

[4] The plaintiff also cites to an affidavit submitted by counsel for the proposition that it strictly complied with the requirements of 14 M.R.S. § 6111 (2013). (Pl.'s Supp. S.M.F. ¶ 17.) However, counsel's affidavit does not lay the appropriate foundation for admission of the notice as a business record. *See* M.R. Evid. 803(6); (Buck Aff. ¶ 9).

3

in conjunction with the plaintiff's motion reveals that it was recorded in book number 25355, not 25255. (*See* Pl.'s Ex. B).

Third, multiple paragraphs of the plaintiff's statement of material facts that relate to proof of the defendants' default are not supported by the paragraph of Therrien's affidavit that is cited. (*See* Supp. S.M.F. ¶¶ 5-7.) And, the plaintiff has not cited to any records to support its contention that the defendants failed to cure the default. (*See* Supp. S.M.F. ¶¶ 8, 10; Therrien Aff. ¶¶ 11, 13.) Specifically, plaintiff has not submitted admissible business records showing that the payment due on November 1, 2013 remains outstanding. (*See* Pl.'s Ex. E.)

Fourth, the plaintiff appears to be claiming an entitlement to twice the amount of attorney fees than is supported by the record. (*See* Supp. S.M.F. ¶ 11, 13-14; Buck Aff. ¶ 6.) The plaintiff's statement of material facts asserts that $195,200.88 is due on the note as of July 1, 2014, and that that amount includes $ 1,451.60 of "collection costs." (Supp. S.M.F. ¶ 11.) The collection costs include $1,326.96 in legal fees. (Supp. S.M.F. ¶ 11 n.1.) The plaintiff also claims that "[i]n addition, the plaintiff has incurred attorney fees and costs" in the amount of $1,326.96. (Supp. S.M.F. ¶¶ 13, 14.) The use of the phrase "in addition" makes it appear as if the attorney fees are not already included in the total amount of $195,200.88. The plaintiff should clarify whether the attorney fees have already been factored into the total amount listed in paragraph eleven of its statement of material facts.

Also, with regard to the amount due, the plaintiff has listed a twenty-two dollar "discharge fee." (Supp. S.M.F. ¶ 11; Therrien Aff. ¶ 14; Pl. Ex. E.) However, the mortgage provides that the defendants "will not be required to pay Lender for the discharge" but will be obligated to pay the cost of recording the discharge. (Pl. Ex. B ¶ 23.) The plaintiff should clarify the purpose of the discharge fee or remove it from the amount allegedly due.

4

The entry shall be:

Plaintiff's motion for summary judgment is denied without prejudice to the submission within thirty (30) days of supplemental evidence to remedy the deficiencies identified above.[5] The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 10 November 2014

_____
Hon. Thomas D. Warren
Justice, Superior Court

---

[5] In addition to submitting supplemental evidence on the issues discussed *supra*, the plaintiff shall submit an updated draft judgment reflecting the correct book number in which the mortgage is recorded and clarifying the discharge fee and the amount of attorney fees due.

5

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JOSEPH VICARIO          Defendants
FRANCES VICARIO
99 LEWIS ROAD (AKA POND ROAD)
NAPLES ME 04055

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

SONIA BUCK ESQ          Plaintiffs
LINNELL CHOATE & WEBBER     Attorney
PO BOX 190
AUBURN ME 04212-0190