STATE OF MAINE                                                    SUPERIOR COURT
CUMBERLAND, ss                                                   CIVIL ACTION
                                                                 Docket No. RE-15-140

STATE OF MAINE
Cumberland ss Clerk's Office

MAY 2 6 2016

RECEIVED

MIDFIRST BANK,

            Plaintiff

v.                                                               ORDER

JOHN SHEERINS, et al.,

            Defendants

Plaintiff moves for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, *et seq.* Defendant has filed no response. This motion is subject to Rule 56(j), however, which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court has an independent obligation to ensure compliance with this rule. M.R. Civ. P. 56(j) advisory committee's notes to 2009 amend., August 2009, Me. Judicial Branch website/Rules & Administrative Orders/Rules (last visited May 25, 2016).[2] The court must also determine if the mortgage holder has set forth in its statement of material facts the

---

[1] M.R. Civ. P. 56(j) states:
   No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

[2] The Advisory Committee note states:
   This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

1

minimum facts necessary for summary judgment in a residential mortgage foreclosure. Chase Home Fin. LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508.

In support of this motion, plaintiff has submitted the affidavit of its vice president. The mortgage and note allegedly originated with DeWolfe Mortgage Services, Inc. and were assigned to and by various entities, including Mortgage Electronic Registration Systems, Inc. Accordingly, plaintiff, in the affidavit, must comply with both M.R. Evid. 803(6) and Beneficial Maine, Inc. v. Carter, 2011 ME 77, ¶¶ 13-14, 25 A.3d 96.

The affidavit fails to comply with M.R. Evid. 803(6) for plaintiff's records because it does not demonstrate that:

1. The records were made at or near the time by—or from information transmitted by—someone with knowledge; or

2. Neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

M.R. Evid. 803(6)(A), (E). Further, plaintiff, in the affidavit, fails to comply with Beneficial Maine, Inc. with regard to the records of DeWolfe Mortgage Services, Inc., and the other entities allegedly involved in the history of this mortgage and note. Beneficial Maine, Inc., 2011 ME 77, ¶ 14, 25 A.3d 96. The court does not, therefore, consider the remaining requirements for a summary judgment in a foreclosure case.

The entry is

Plaintiff's Motion for Summary Judgment is DENIED.

Dated: May 25, 2016

Nancy Mills
Justice, Superior Court

2