STATE OF MAINE
LINCOLN, SS

SUPERIOR COURT
DOCKET NO. RE-2015-2

|  |  |
|---|---|
| MAINE STATE HOUSING AUTHORITY ) | JUDGMENT OF FORECLOSURE |
| ) | AND SALE AND ORDER |
| Plaintiff ) | |
| ) | PROPERTY LOCATED AT: |
| v. ) | 428 Townhouse Road, Whitefield, Maine |
| ) | Mortgage Reference: Book 2240, Page 320 |
| MATTHEW A. DAVIS ) | |
| ) | |
| Defendant ) | TITLE TO REAL ESTATE |
| ) | IS INVOLVED |
| ) | |

After trial, the Court finds that there is cause for granting judgment in favor of Maine State Housing Authority (hereinafter "MaineHousing"). Judgment is hereby entered as follows:

## COUNT I: FORECLOSURE BY CIVIL ACTION

The Court specifically finds that there has been a breach of conditions in MaineHousing's Mortgage, dated May 22, 1997, pledging certain real estate located at 428 Townhouse Road, Whitefield, Maine, and recorded in the Lincoln County Registry of Deeds in Book 2240, Page 320, and that there is due MaineHousing on its Note the remaining principal balance of $30,163.23 together with interest thereon to June 7, 2016 in the amount of $4,450.13 and interest continuing to accrue at the *per diem* rate of $5.79133, property inspection costs of $387.00, property taxes paid by MaineHousing in the amount of $831.41, hazard insurance premiums paid by MaineHousing in the amount of $1,009.25, and attorneys' fees and costs in the amount of $2,495.44, with additional interest and costs accruing pursuant to the terms of the Note through and including the date of the public sale.

The order of priority pertaining to the real estate which serves as the basis of this foreclosure action, including other parties in interest and public utility easements, is as follows:

    a. First, to MaineHousing on its Mortgage, dated May 22, 1997, and recorded in the Lincoln County Registry of Deeds in Book 2240, Page 320, in the outstanding principal

amount of $30,163.23 together with interest thereon to June 7, 2016 in the amount of $4,450.13 and interest continuing to accrue at the *per diem* rate of $5.79133, property inspection costs of $387.00, property taxes paid by MaineHousing in the amount of $831.41, hazard insurance premiums paid by MaineHousing in the amount of $1,009.25, and attorneys' fees and costs in the amount of $2,495.44, together with additional interest, fees, and costs continuing to accrue pursuant to the terms of the Note; and

b. Second, to Defendant, Matthew A. Davis (hereinafter "Defendant"), should there be any surplus funds remaining.

Pursuant to 14 M.R.S.A §§1602-B and 1602-C, the prejudgment interest rate is the contracted rate of 7.675% and the post-judgment interest rate shall be the contracted rate of 7.675%.

THEREFORE, it is hereby expressly directed that judgment be entered against Defendant on COUNT I of MaineHousing's Complaint for Foreclosure by Civil Action, and, therefore, it is hereby ordered and decreed that if Defendant, his heirs and assigns, do not pay to MaineHousing, its successors and assigns, the amount of the total claim due together with accrued interest and other charges as set forth above within ninety (90) days of the date hereof, then MaineHousing, its successors and assigns, shall be entitled to sell said real estate located at 428 Townhouse Road, Whitefield, Maine and disburse the proceeds of the sale, after deducting the expenses thereof, in accordance with this Judgment and 14 M.R.S.A. §6324.

Should all statutory requirements be met, a Writ of Execution shall issue in favor of MaineHousing against Defendant in the amount of any deficiency which results from the public sale of the pledged real estate.

A Writ of Possession shall be issued to MaineHousing against Defendant and all other occupants for possession of the subject real estate upon expiration of the Appeal Period.

## COUNT II: BREACH OF CONTRACT

THEREFORE, Judgment having entered in favor of MaineHousing on Count I of its Complaint for Foreclosure by Civil Action, COUNT II of its Complaint for Breach of Contract is hereby dismissed without prejudice.

Pursuant to 14 M.R.S.A. § 2401(3), the Court finds that all parties have received all required notice of the proceedings and that all notice has been given in accordance with the applicable provisions of the Maine Rules of Civil Procedure and if the notice was served or given pursuant to an order of a court, including service by publication, that the notice was served or given pursuant to the order.

The names and addresses of all parties to this action and their counsel are as follows:

Maine State Housing Authority
c/o Christopher L. Brooks, Esq. (Bar No. 4637)
Norman, Hanson & DeTroy, LLC
Two Canal Plaza / P.O. Box 4600
Portland, Maine 04112

Matthew A. Davis
428 Townhouse Road
Whitefield, Maine 04353-3408

MaineHousing is Ordered, after the expiration of the appeal period, to record an attested copy of this Order in the Lincoln County Registry of Deeds and shall pay for the associated recording fees.

The Clerk is specifically directed pursuant to Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

Dated: 6-7-15

_____
Justice, Lincoln County Superior Court
Daniel I Billings

**ORDER ENTERED IN COURT'S DOCKET ON:** 6|8|15

I hereby certify that all applicable appeal periods have expired without action.

Dated: _____

_____
Clerk, Lincoln County Superior Court

STATE OF MAINE                                    SUPERIOR COURT
LINCOLN ss.                                       CIVIL ACTION
                                                  Docket No. RE-15-02


MAINE STATE HOUSING AUTHORITY,
                Plaintiff
                                          ORDER ON PLAINTIFF'S MOTION
                                             FOR SUMMARY JUDGMENT

V.


MATTHEW A. DAVIS,
                Defendant

Before the Court is the Plaintiff's motion for summary judgment on its claim for foreclosure of a mortgage encumbering the Defendant's property located in Whitefield and its claim for breach of contract. *See* 14 M.R.S. §§ 6321-6326 (2014); M.R. Civ. P. 56. The Defendant, Mathew Davis, has not appeared in the action and therefor has not filed an opposition to the Plaintiff's motion. However, regardless of the sufficiency of the Defendant's response, the Court cannot grant the Plaintiff's motion because the Plaintiff failed to properly support certain statements of material fact necessary for the Court to issue a summary judgment on either of the Plaintiff's claims. *See* M.R. Civ. P. 56(h)(4) (stating that the Court may disregard a statement of material fact "not supported by citation to record material properly considered on summary judgment"); *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158; *see also Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citing *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508) (setting forth the essential elements of proof necessary to support a judgment of foreclosure); *Tobin v. Barter*, 2014 ME 51, ¶¶ 9-10, 89 A.3d 1088 (listing the elements of a breach of contract claim). Therefore, the Plaintiff shall have thirty (30) days to submit supplemental statements of material fact, with supporting records, addressing the issues identified in this order. If the Plaintiff fails to submit additional statements

of material fact within thirty days, the Plaintiff's motion for summary judgment shall be DENIED without further notice or order.

## I. Foreclosure

The Plaintiff's motion for summary judgment on its foreclosure claim is subject to Rule 56(j), which imposes detailed requirements for granting a summary judgment in a foreclosure action. M.R. Civ. P. 56(j).[1] The Court must determine if the requirements of Rule 56(j) have been met and also whether the Plaintiff has set forth in its statements of material fact the evidence necessary for a judgment in a mortgage foreclosure. *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. The Court must apply the rules of summary judgment strictly when determining whether the Plaintiff has properly supported the necessary statements of material fact for a judgment of foreclosure. *Gabay*, 2011 ME 101, ¶ 9, 28 A.3d 1158.

After reviewing the Plaintiff's motion, the Court concludes that the requirements for a summary judgment of foreclosure have not been met because the Plaintiff failed to ensure the admission of certain records of regularly conducted activity, formerly known as business records. *See* M.R. Evid. 803(6). A foreclosure plaintiff's statements of material fact must be "supported by references to record evidence of a quality that could be admissible at trial." M.R. Civ. P. 56(e); *Lubar v. Connelly*, 2014 ME 17, ¶ 36, 86 A.3d 642; *see also HSBC Mortg. Services, Inc. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815 (discussing the importance of the qualitative

---

[1] Maine Rule of Civil Procedure 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

2

requirement that records submitted for summary judgment in a foreclosure action are admissible). "[A] business's record of acts or events is admissible [pursuant to M.R. Evid. 803(6)] if the necessary foundation is established by the testimony of the custodian or other qualified witness." *Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶ 12, 25 A.3d 96 (internal quotation marks omitted).

To the extent that the Plaintiff seeks to admit copies of the note, mortgage, and assignment as records of regularly conducted activity, the Plaintiff failed to produce an affiant qualified to lay the necessary foundation to admit these records. *See* M.R. Evid. 803(6); *Carter*, 2011 ME 77, ¶¶ 12-17, 25 A.3d 96; (Thompson Ex. A, B, C; Roux Ex. A, B, C). Because these records were created by "previous holders and/or servicers," (*see* Thompson Aff. ¶ 2), any affiant employed by the Plaintiff or Camden National Bank (CNB), the current loan servicer, must provide foundational evidence that is "adequate to demonstrate that the [affiant] ha[s] sufficient knowledge of *both businesses'* regular practices to demonstrate the reliability and trustworthiness of the information."[2] *Carter*, 2011 ME 77, ¶ 13, 25 A.3d 96. An affiant can accomplish this by demonstrating knowledge that:

- the producer of the record at issue employed regular business practices for creating and maintaining the records that were sufficiently accepted by the receiving business to allow reliance on the records by the receiving business;

- the producer of the record at issue employed regular business practices for transmitting them to the receiving business;

- by manual or electronic processes, the receiving business integrated the records into its own records and maintained them through regular business processes;

---

[2] By "both businesses," the Court means the business that created the record and the business that integrated the record into its own records. In this case, the business that created the note, mortgage, and assignment appears to be First National Bank of Damariscotta (First National). (*See* Thompson Ex. A, B, C; Roux A, B, C.) If the Plaintiff's employee, Stephanie Roux, seeks to admit these records as the Plaintiff's records of regular conducted activities, she must demonstrate knowledge of *both* first National and the Plaintiff's regular practices. Likewise, if Robin Thompson, an employee of CNB, seeks to admit the records as CNB's records of regularly conducted activities, she must demonstrate knowledge of both First National and CNB's regular practices.

- the record at issue was, in fact, among the receiving business's own records; and

- the receiving business relied on these records in its day-to-day operations.

*Id.* ¶ 14. The affiant must also report the basis of his or her knowledge of the practices of an entity that the affiant is not employed by, i.e., how the affiant acquired knowledge of the record keeping practices of the entity that created the record. *Id.* ¶ 16.

In this case, neither Robin Thompson, an employee of CNB, nor Stephanie Roux, the Plaintiff's employee, demonstrated sufficient knowledge of the practices of the entity that created the note, mortgage, and assignment. Neither affiant explicitly identified the "previous holders" that created these records in the portion of their affidavit laying the foundation for admission of these records. Additionally, neither affiant demonstrated any knowledge of that specific entity's record keeping practices.[3] Therefore, to the extent that the Plaintiff seeks to admit these records pursuant to M.R. Evid. 803(6), they are inadmissible.[4]

Likewise, Thompson failed to set forth a sufficient foundation to admit CNB's records evidencing the total amount due. (*See* Pl.'s Supp. S.M.F. ¶ 13; Thompson Aff. ¶ 21 citing Thompson Ex. E.) This is because it is unclear whether CNB's records rely on records created by a prior loan servicer. The earliest CNB appears to have become servicer of any of the Plaintiff's mortgage loans was March of 2010. (*See* Thompson Aff. ¶ 3 citing to Roux Ex. D.) The loan at issue in this case was originated in May of 1997. (*See* Thompson Ex. A, B; Roux

---

[3] Thompson's averment that "[i]t is the regular practice of CNB as servicing agent for the Plaintiff and all previous holders and servicers of the Note, Mortgage, and Assignment referenced to make such records" is insufficient to demonstrate that Thompson has actual knowledge of those "previous holders and servicers" record keeping practices. (Thompson Aff. ¶ 2.) Furthermore, Thompson did not report how she, an employee of CNB, has knowledge of the practices of these unidentified "previous holders and servicers." *See Carter*, 2011 ME 77, ¶ 16, 25 A.3d 96.

[4] These records may well be admissible pursuant to other Rules of Evidence not invoked by the Plaintiff. If the plaintiff cannot produce a qualified witness to admit the note, mortgage, and assignment pursuant to M.R. Evid. 803(6), then it should address whether these documents are admissible pursuant to any other Rules of Evidence in its supplemental filing.

4

Ex. A, B.) If, as the record suggests, an entity other than CNB serviced the Defendant's mortgage between 1997 and 2010, and that entity's records of payments and expenditures from the mortgage account were integrated into CNB's records, then Thompson must satisfy the foundational requirements set forth in *Carter*, discussed *supra*, in order to ensure admission of this record. Because this issue is unclear and it is the moving parties' burden to put admissible evidence before the Court upon summary judgment, the Court cannot conclude that Exhibit E is admissible. *See* M.R. Civ. P. 56(e). Therefore, the statement of material fact relying on Exhibit E is not properly supported and the Court will not consider it. *See* M.R. Civ. P. 56(e), (h)(4); (Pl.'s Supp. S.M.F. ¶ 13).

Additionally, portions of the affidavit submitted by Roux do not strictly comply with the rules of summary judgment. In her affidavit, Roux referred to a "Mortgage Purchase Agreement" (MPA) but she did not attach a sworn or certified copy of the MPA as required by Rule 56(e). (*See* Roux Aff. ¶¶ 2, 9.) Likewise, the affidavit submitted Plaintiff's counsel, Christopher Brooks, states that the counsel's records reflect certain facts. (*See* Brooks Aff. ¶¶ 9-10.) If Brooks is indeed relying on counsel's records for a specific fact and not his personal knowledge, then Brooks must attach a copy of the record he is relying on to his affidavit and the Plaintiff must cite to that record in the relevant statement of material fact. *See* M.R. Civ. P. 56(e); *Cach, LLC v. Kulas.* 2011 ME 70, ¶ 10 & n.3, 21 A.3d 1015. Because Brooks failed to attach the records that he purportedly relies on for his statements regarding the mediation status and order of priority of the parties, and therefore failed to strictly comply with Rule 56(e), the Plaintiff's statements of material fact that rely on those portions of his affidavit are not properly

supported and remain genuine issues of material fact.[5] *See* M.R. Civ. P. 56(h)(4);(Pl.'s Supp. S.M.F. ¶¶ 12, 14, citing Brooks Aff. ¶¶ 9-10).

Similarly, the Plaintiff's statements of material fact alleging a default and the failure to cure that default do not refer to any records demonstrating that a default occurred. (Pl.'s Supp. S.M.F. ¶¶ 7, 9.) The Plaintiff cites to Thompson's affidavit in support of these statements. (Pl.'s Supp. S.M.F. ¶¶ 7, 9 citing Thompson Aff. ¶¶ 13-14, 18.) However, where an affiant's knowledge of the facts is derived from review of certain records, as is the case here, it is not sufficient for the Plaintiff to simply cite to the affidavit. *See* M.R. Civ. P. 56(e); *Kulas.* 2011 ME 70, ¶ 10 & n.3, 21 A.3d 1015. The Plaintiff must also cite to the record evidencing that fact in its statements of material fact.[6] *Kulas*, 2011 ME 70, ¶ 10 & n.3, 21 A.3d 1015.

Because the Plaintiff failed to ensure the admission of the note, mortgage, assignment of the mortgage, and records demonstrating the amount due, the Plaintiff failed to properly support its statements of material fact establishing (1) the existence of the mortgage, including the book and page number of the mortgage and a adequate description on the property; (2) evidence of all assignments and indorsements of the note and mortgage; and (3) the amount due. Due to the failure to strictly comply with the rules of summary judgment, namely M.R. Civ. P. 56(e), as interpreted in *Kulas*. 2011 ME 70, ¶ 10 & n.3, 21 A.3d 1015, the Plaintiff failed to establish the (1) a breach of condition of the mortgage; and (2) proof of completed mediation, and (3) the

---

[5] The Court is cognizant that strict adherence to M.R. Civ. P. 56(e) may run afoul of the attorney client privilege. *See* M.R. Evid. 502. In instances where counsel submits an affidavit attempting to establish facts required for the Plaintiff to prevail on its action, beyond a claim for attorney fees, and statements in that affidavit are based on counsel's review of records, then counsel should be prepared to attach those records in compliance with M.R. Civ. P. 56(e). If the counsel cannot attach the records he or she relies on due to privilege, then it would be appropriate to seek out an affiant that possess personal knowledge of the specific fact.

[6] The Plaintiff did cite to its notice of default in its statement alleging a payment default. Arguably, the notice of default does support the Plaintiff's statement that the Defendant did in fact fail to make the payments specified in the notice but the notice provides no support for the Plaintiff's assertion that the Defendant failed to cure that default after the giving of that notice. (Pl.'s Supp. S.M.F. ¶ 7 citing Thompson Aff. ¶¶ 13-14 and Thompson Ex. D.) And, regardless he Plaintiff did not cite to the notice in support of its allegation that the Defendant did not cure the default. (Pl.'s Supp. S.M.F. ¶ 9 citing Thompson Aff. ¶ 18.)

priorities of the parties. Therefore, the Plaintiff is not entitled to a summary judgment of foreclosure and sale at this time.

II.      Breach of Contract

In order to obtain relief for a breach of contract, the Plaintiff must demonstrate (1) the existence of a legally binding contract; (2) a breach of a material term of the contract; and (3) that the breach caused the Plaintiff to suffer damages. *Tobin,* 2014 ME 51, ¶¶ 9-10, 89 A.3d 1088. Because the Plaintiff failed to (1) admit the note which constitutes the contract, (2) establish a breach of the note, and (3) establish the amount that is due in damages, *see* discussion supra, the Plaintiff is not entitled to summary judgment on its breach of contract claim at this time.

**The entry shall be:**

The Plaintiff shall have thirty (30) days to file supplemental statements of material fact addressing the issues identified in this order. If the Plaintiff fails to make a supplemental filing within thirty (30) days, the Plaintiff's motion for summary judgment shall be DENIED without further notice or order. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____        _____

                                                                Justice, Superior Court

7