MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 117
Docket:        Yor-15-458
Submitted
  On Briefs:   June 22, 2016
Decided:       July 26, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

AMERICAN EXPRESS BANK FSB

v.

DIANE DEERING


SAUFLEY, C.J.

[¶1]   Diane Deering appeals from a judgment entered in the District Court (Biddeford, *Foster, J.*) in favor of American Express Bank FSB in the amount of $22,339.94 after a trial during which American Express argued that Deering owed that amount in credit card debt.  Deering argues that the court erred in admitting records pursuant to the business records exception to the hearsay rule.[1]   We discern no error in the court's findings or evidentiary rulings, and we affirm the judgment.

---

    [1]  Deering also argues that the court erred in finding that the parties had entered into a binding contract and that American Express proved the amount due; that the court erred in permitting acceleration of the debt; and that "to the extent the district court relied upon Utah law, it is inappropriate in this case."  We are not persuaded by these arguments and do not address them further in this opinion.

## I. BACKGROUND

[¶2]  On January 20, 2011, American Express filed a complaint in the District Court alleging that Deering had entered into a credit card agreement with American Express, used the credit card to make purchases and/or cash advances, and failed to make payments.  The complaint sought a judgment in the amount of $22,339.94 "plus interest, costs, legal fees," and "such other relief" as the court deemed "just and proper."  On December 6, 2012,[2] Deering denied the allegations.  On August 19, 2013, the parties convened for a hearing but, due to pretrial issues raised by Deering, the hearing was continued.

[¶3]  On May 27, 2015, Deering filed a motion in limine seeking to exclude from evidence "any business records for which [American Express's] witnesses cannot provide the required foundation pursuant to M.R. Evid. 803(6)."  The court held a trial on June 2, 2015, almost three years after Deering was served.  Deering appeared through counsel but did not appear personally and did not offer any witnesses or exhibits.  American Express

---

[2]  This initial two-year delay was due in part to American Express's inability to successfully serve Deering after the complaint was filed.  American Express ultimately filed proof of service on August 6, 2012.

presented the testimony of one witness—agent and employee Edmond Garabedian.

[¶4] Because Deering challenges the court's determination that American Express provided the required foundation for admission of the company's business records, we review Garabedian's testimony in detail. He testified to the following. Garabedian has worked for American Express for almost forty years in several departments. He currently works in the global collections department, where he is a department manager and the records custodian. He has handled hundreds of cases similar to this case.

[¶5] Garabedian provided the following details for the process of issuing a credit card and creating account statements. Individuals can apply for the American Express Delta SkyMiles Credit Card through a paper application, online, or over the telephone. No account can be created without an application. If the individual qualifies after a credit assessment, American Express assigns a unique account number and sends the individual a card. American Express statements are created based on the activity of the cardholder. When a cardholder uses his or her credit card, the merchant then uses that account number to submit a charge to American Express. American Express stores the account number, the date and place of use, and the amount

4

of money charged. After a period of approximately twenty-eight days, American Express gathers all of the charges, creates a monthly statement, and makes that statement available to the cardholder. This is done in the ordinary course of business.

[¶6] During Garabedian's testimony, American Express offered two exhibits pursuant to the business records exception to the hearsay rule: sixty-two monthly statements documenting Deering's account activity from March 2005 to September 2010 and a 2008 Delta SkyMiles Business Credit Card Agreement. The parties agree that several monthly statements were missing from the large group of statements. Garabedian testified that American Express maintains these records electronically. It is not possible to change a document after it has been printed or sent by American Express.

[¶7] With regard to the monthly statements, Garabedian testified that someone in his office generated the statements by sending an electronic request for their reproduction. The electronic request generates a "job" within the archive system, which pulls the electronic information based on the account number and time frame. The archives, which are stored on computers located in Phoenix, Arizona, are secure, and the records are properly maintained and stored. The reprinting is then done within the

American Express global mail services department, which sends the documents to Garabedian's office. Garabedian did not know why a few months of statements were missing from the statements that American Express sought to admit in evidence. Garabedian personally reviewed monthly statements associated with Deering and identified a particular unique account number associated with Deering's name.

[¶8] With regard to the credit card agreement, Garabedian testified that it was obtained by his office in the same manner as the statements. After the agreement was created in 2008, it was automatically mailed to every new and ongoing cardholder with a Delta SkyMiles account.

[¶9] Deering moved to exclude the records. The court found that the statements were reliable despite the fact that a few months of statements were missing, noting that the fact that there were missing statements "goes to weight and not whether or not the exhibit itself is admissible." The court also found that Garabedian had laid a proper foundation pursuant to the business records exception and admitted both of the exhibits.

[¶10] After trial, the court entered a written judgment in favor of American Express. The court made extensive factual findings, including the following. Deering obtained a Delta SkyMiles Credit Card, used it on a regular

basis, and made periodic payments up until the spring of 2010. The card's monthly statements were all sent to Deering at her address in Hollis Center. The statements detailed new charges, payments made, amounts due, and directions as to what the cardholder should do in case of errors or questions. The January 2009 statement warned Deering that her account was "overdue." Subsequent charges were made to the account. The August 2009 statement cautioned Deering, "Your account is over-limit and past due." Several payments were then made. The June 2010 statement informed Deering that her account was in default and a balance of $22,339.94 was due in full.

[¶11] Addressing the business records challenge, the court found that Garabedian had "demonstrated an intimate and extensive knowledge of the . . . operations, including the manner in which records are generated and maintained." Based on Garabedian's testimony, the court found that the records constituted a data compilation of acts and events made at or near the time by, or from information transmitted by, a person with knowledge; that such data compilation was kept in the course of a regularly conducted business; and that it was the regular practice of American Express to make such data compilations. *See* M.R. Evid. 803(6). The court concluded that the records fell within the business records exception to the hearsay rule and

admitted the records. *See id.* The court further concluded that American Express proved that Deering and American Express had entered into a contract and that Deering was obligated to pay the entire card balance of $22,339.94.[3] Deering timely appealed. *See* 14 M.R.S. § 1901 (2015); M.R. App. P. 2.

## II. DISCUSSION

[¶12] Deering argues that the court erred in admitting the monthly statements and the credit card agreement pursuant to the business records exception to the hearsay rule. When admission of evidence under the business records exception to the hearsay rule is challenged, "we review a trial court's foundational findings to support admissibility for clear error and its ultimate determination of admissibility for an abuse of discretion." *State v. Abdi*, 2015 ME 23, ¶ 16, 112 A.3d 360. "The admissibility of a business record is governed by M.R. Evid. 803(6), which dictates both (1) what foundation must be laid to admit such evidence as an exception to the rule excluding hearsay evidence, and (2) the type of witness required to lay that

---

[3] The balance of $22,339.94, identified by American Express as owed on May 17, 2010, represents amounts charged by Deering, resulting interest on unpaid balances, and fees due to Deering's failure to make timely payments. American Express did not seek additional interest during or after trial, and the court did not award any additional interest, costs or legal fees.

8

foundation."[4] *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700; *see* M.R. Evid. 803(6)(D) ("All these conditions [must be] shown by the testimony of the custodian or another qualified witness . . . ."). Deering primarily argues that Garabedian was not qualified to lay the foundation for entry of the documents pursuant to the business records exception to the hearsay rule.[5]

---

[4] The business records exception to the hearsay rule states:

**(6) Records of a regularly conducted activity.** A record of an act, event, condition, opinion, or diagnosis [is not excluded by the rule against hearsay] if:

(A) The record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) Making the record was a regular practice of that activity;

(D) All these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11), Rule 902(12) or with a statute permitting certification; and

(E) Neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

M.R. Evid. 803(6).

[5] To the extent Deering argues that Garabedian failed to lay the proper foundation for the admission of the documents, the record supports the court's findings that Garabedian's testimony demonstrated that the records were made from information transmitted by someone with knowledge, *see* M.R. Evid. 803(6)(A); the record was kept in the course of a regularly conducted activity of a business, *see* M.R. Evid. 803(6)(B); making the record was a regular practice of that activity, *see* M.R. Evid. 803(6)(C); and "[n]either the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness," *see* M.R. Evid. 803(6)(E). Further, we are not persuaded by the argument that the unexplained omission of a few months of statements indicates a lack of trustworthiness that would prevent the documents from falling within the business records exception to the hearsay rule.

[¶13]   The foundation for the admission of records pursuant to the business records exception "must be laid by a witness who is a 'custodian or another qualified witness.'"  *Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 14 n.11, 122 A.3d 947.  "A qualified witness is one who was intimately involved in the daily operation of the business and whose testimony showed the firsthand nature of his or her knowledge."  *Id.* (quotation marks omitted).

[¶14]   Here, Garabedian testified in extensive detail regarding his knowledge of the daily operations and record-keeping practices of American Express.  This is not a case where the witness laying the foundation for admission of the documents learned information regarding the operations and the records secondhand, *see, e.g.*, *id.*, or where the witness failed to testify as to the source of her knowledge regarding the operations of the business and testified that she had received some of the records through the law firm hired to represent the business, *see, e.g.*, *Greenleaf*, 2014 ME 89, ¶ 26, 96 A.3d 700.  Instead, Garabedian testified in great detail as to his involvement in the operations in the business over the past forty years and his firsthand knowledge of the process that resulted in the records that American Express offered.  There was ample competent evidence in the record for the court to find that Garabedian possessed personal knowledge and was "intimately

involved in the daily operation of the business." *Greenleaf,* 2014 ME 89, ¶ 25, 96 A.3d 700 (quotation marks omitted); *see* M.R. Evid. 803(6)(D). Thus, the court did not err or abuse its discretion in admitting the documents over Deering's objections. *Cf. Abdi*, 2015 ME 23, ¶¶ 19-20, 112 A.3d 360.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Mark A. Kearns, Esq., and Mark L. Randall, Esq., Portland, for appellant Diane Deering

Randall L. Pratt, Esq., Portsmouth, New Hampshire, for appellee American Express Bank FSB