MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2021 ME 20
Docket:        Cum-20-157 & Cum-20-158
Argued:        February 9, 2021
Decided:       April 6, 2021

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

PORTFOLIO RECOVERY ASSOCIATES, LLC

v.

CASEY CLOUGHERTY

* * * * *

PORTFOLIO RECOVERY ASSOCIATES, LLC

v.

RICHARD DOCAMPO

CONNORS, J.

[¶1]  In this consolidated appeal, Casey Clougherty and Richard Docampo challenge the District Court's (Bridgton, *Woodman, J.*) admission of integrated business records in the credit card debt collection matters against them.[1]  When these matters were decided by the trial court, our jurisprudence contained two

---

[1] Although these cases concern collection actions by a debt buyer, the recent amendments to the Maine Fair Debt Collection Practices Act do not apply because the debts at issue were purchased before January 1, 2018.  *See* 32 M.R.S. §§ 11001-11054 (2020); P.L. 2017, ch. 216 (effective Nov. 1, 2017) (enacting special requirements for collection actions brought by consumer debt buyers for debts sold on or after January 1, 2018).

conflicting interpretations of Maine Rule of Evidence 803(6) with regard to integrated business records. The trial court admitted the records in accordance with the predominant evidentiary standard at the time. Because we conclude that the trial court's factual findings underlying the admission of the challenged records were erroneous, and given that we recently clarified the proper approach for evaluating the sufficiency of a foundation laid by a proponent of integrated business records in *Bank of New York Mellon v. Shone*, 2020 ME 122, ¶¶ 1, 7-28, 239 A.3d 671, we vacate the judgments that the District Court entered in favor of Portfolio Recovery Associates, LLC, and remand these matters for further proceedings.

## I. BACKGROUND

[¶2] The following brief procedural history is drawn from the trial court's records.

[¶3] On May 8, 2019, Portfolio filed a complaint in the District Court against Clougherty, seeking a judgment in the amount of $9,309.01. The complaint alleged that Clougherty had opened a Capital One credit card account, that he had defaulted on that account, that Portfolio had purchased the debt, and that the balance was due and owing. On August 30, 2019, Portfolio filed a nearly identical complaint against Docampo, seeking a judgment in the

amount of $7,889.06 for an alleged debt owed on a defaulted Synchrony Bank credit card account. Clougherty and Docampo denied the allegations.

[¶4] On March 11, 2020, the trial court held back-to-back bench trials. Clougherty and Docampo did not offer any witnesses or exhibits at their respective trials. Portfolio offered several documentary exhibits through the testimony of one witness—a records custodian employed by Portfolio.

[¶5] At Clougherty's trial, Portfolio sought the admission of documents created by Capital One, including a Capital One customer agreement, monthly credit card statements, a spreadsheet containing information about Clougherty's account, and an affidavit of Capital One's vice president of loss mitigation stating that these records were kept in the ordinary course of Capital One's business. To establish the foundation, Portfolio's records custodian testified that she had received training on Capital One's business practices during a sixty- to ninety-minute conference call in 2011. Although she testified that the training covered Capital One's business process "step by step," the witness could not recall all the steps and did not have any personal knowledge of how Capital One created, maintained, or stored its credit card account records.

4

[¶6]  At Docampo's trial, Portfolio offered similar documents generated by Synchrony Bank.  Portfolio's records custodian testified that she attended a one-hour in-person training session in 2015 on the business practices of Synchrony Bank, but she admitted that the training did not cover Synchrony Bank's day-to-day record-keeping practices.

[¶7]  Clougherty and Docampo objected to the admission of the documents created by Capital One and Synchrony Bank, respectively, arguing that Portfolio's records custodian was not a qualified witness because she did not have sufficient knowledge of the original creditors' practices for the creation and maintenance of their business records.  The court admitted the records over their objections and entered judgments in favor of Portfolio, finding that Portfolio's records custodian was "a qualified witness given her experience and training."  Clougherty and Docampo timely appealed.  *See* 14 M.R.S. § 1901(1) (2020); M.R. App. P. 2B(c).  We consolidated the appeals for purposes of supplemental briefing and oral argument.

## II.  DISCUSSION

[¶8]  In *Shone*, 2020 ME 122, ¶¶ 1, 7-28, 239 A.3d 671, we resolved a conflict between two interpretations of Maine Rule of Evidence 803(6), as that

rule applies to integrated business records, by reaffirming the approach first set forth in *Northeast Bank & Trust Co. v. Soley*, 481 A.2d 1123, 1127 (Me. 1984).

[¶9]   The approach to integrated business records used in the proceedings at issue here, however, was the interpretation described in *Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶¶ 12-14, 25 A.3d 96, and its progeny.   The *Carter* approach required that the presenting witness have sufficient knowledge of the practices of both the business that created the record and the business that received it.  *Id.*  Based on that standard, the trial court erred in finding that Portfolio's records custodian was a qualified witness because she was unable to describe with any particularity the record-keeping practices of the original creditors.  *See Am. Express Bank FSB v. Deering*, 2016 ME 117, ¶ 12, 145 A.3d 551 ("[W]e review a trial court's foundational findings to support admissibility for clear error." (quotation marks omitted)).

[¶10]   In *Shone*, we articulated that the *Soley* approach to integrated records "eliminates the need for testimony about the practices of the entity that created the record and shifts the focus to the record's status within the receiving entity."  2020 ME 122, ¶ 8, 239 A.3d 671.  Thus, "a record that one business has received from another is admissible under Rule 803(6) without testimony about the practices of the business that created the record, provided,

first, that the proponent of the evidence establishes that the receiving business has integrated the record into its own records, has verified or otherwise established the accuracy of the contents of the record, and has relied on the record in the conduct of its operations, and, second, that the opponent of admission has not shown that the record is nonetheless not sufficiently trustworthy to be admitted." *Id.* ¶ 1.

[¶11]  Because the parties developed their respective records with a different evidentiary standard in mind, fairness requires that we remand these matters for further proceedings, which may include reopening the record to allow further argument or to take new evidence.  *See id.* ¶ 30 n.9; *Ne. Harbor Golf Club, Inc. v. Harris*, 661 A.2d 1146, 1152 (Me. 1995) (allowing the trial court to further develop the record on remand after announcing the adoption of a different legal standard than the one applied at trial).  The foundational requirements for the admission of business records contain a factual component, and that component is entirely within the province of the fact-finder.  *See id.*  Nothing in this opinion should be construed as intimating whether the business records at issue should be admitted as integrated records.

The entry is:

> Judgments vacated.  Remanded for further
> proceedings consistent with this opinion.

Jonathan E. Selkowitz, Esq. (orally), Pine Tree Legal Assistance, Inc., Portland, for appellants Casey Clougherty and Richard Docampo

Kathrine Audet, Esq., and Edward L. Zelmanow, Esq. (orally), Law Offices Howard Lee Schiff, P.C., Portland, for appellee Portfolio Recovery Associates, LLC

Bridgton District Court docket numbers CV-2019-67 and CV-2019-121
FOR CLERK REFERENCE ONLY